UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-ZLOCH

96- 7135

|  |  |  |
|---|---|---|
| LEONARD PEIKOFF, individually and as Executor of the Estate of Ayn Rand, The AYN RAND INSTITUTE and PENGUIN BOOKS U.S.A., INC., | ) ) ) ) ) ) | _____-CIV<br><br>Judge-_____<br>              MAGISTRATE<br>Magistrate Judge SELTZER |
|           Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| LAISSEZ FAIRE CITY INTERNATIONAL TRUST, and MIKHAIL LARGIN, as Trustee | ) ) ) ) | C O M P L A I N T |
|           Defendant. | ) ) ) |  |

Plaintiffs Leonard Peikoff, individually and as Executor of the Estate of Ayn

Rand ("Peikoff"), the Ayn Rand Institute (the "Institute"), and Penguin Books U.S.A., Inc.

("Penguin") by their undersigned attorneys, Kay Collyer & Boose LLP and Eckert Seamans

Cherin & Mellott, as and for their complaint against the defendant Laissez Faire City

International Trust ("Laissez Faire Trust") and Mikhail Largin, trustee ("Largin")

(collectively and hereinafter the "Trust" or "defendant") allege as follows:

### Nature of the Action

1.     This is an action to redress violations of the copyright laws, 17 U.S.C.

§ 501, et. seq.; § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended; and for

33795.1



common law unfair competition, as the result of (1) the willful and unauthorized copying and dissemination by defendant Trust of substantial text from the well-known book written by author/philosopher Ayn Rand entitled <u>Atlas Shrugged</u> (the "Book") without permission, consent or license and (2) the willful and unauthorized dissemination by defendant Trust of the Book under a new cover with a new title, and defendant's false and misleading advertising therefor. Plaintiffs seek preliminary and permanent injunctive relief restraining infringement of the copyright in the Book by the Trust, and restraining defendant's manufacture, distribution, advertisement and sale of the Book in altered form; damages as the direct and proximate result thereof; and related relief.

## The Parties

2.      Plaintiff Peikoff is a resident and citizen of the State of California, and is an executor and the sole heir of the Estate of Ayn Rand (the "Estate"), which is the sole and exclusive owner of all copyrights in and to Ayn Rand's published works, all trademark rights associated with Rand and her works, and all Rand's other intellectual property rights. Dr. Peikoff is on his own behalf a well-known writer, lecturer and radio talk show host on, <u>inter alia</u>, the subject of "Objectivism", a philosophical and political movement, originated by and associated with Ayn Rand (the "Objectivist Movement").

3.      Plaintiff Institute is an organization with its principal place of business at 4640 Admiralty Way, Marina Del Rey, California, which is licensed by Peikoff to use the Ayn Rand name and trademark and to help maintain and administer the works, teachings and intellectual property rights associated with Ayn Rand by, <u>inter alia</u>, disseminating brochures and providing educational services and related goods furthering Rand, her works, and her philosophy.

4.      Plaintiff Penguin is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 375 Hudson Street, New York, New York. Penguin is engaged in the publishing business. It manufactures, sells and

distributes certain Ayn Rand works, including the Book, holding the exclusive license to print, publish and sell or cause to be printed, published and sold soft cover reprint editions ("paperback copies") in English of the Book in the United States, its territories and possessions, the Philippine Republic and Canada, as well as certain additional rights through the world.

       5.     Upon information and belief, defendant Laissez Faire Trust is an off-shore trust organized and existing under the laws of Costa Rica, with a United States business office -- which it terms its "United States Consular Office" -- at P.O. Box 407017, in Oakland Park, Florida.  It also maintains the fax number (305) or (954) 921-8873 which, upon information and belief, is a Broward County number.  In its literature and advertisements, the Laissez Faire Trust directs that all communication and correspondence with the Trust in the United States be sent to its United States Consular Office either by mail or fax.  Upon information and belief, all research and advertising materials and other Laissez Faire Trust publications are sent from the Florida office to the public in the United States.

       6.     Upon information and belief, defendant Mikhail Largin is a resident of Three Rivers, Costa Rica and is the trustee of the Laissez Faire Trust.  According to prior communications from the Trust's California counsel, and advertisements and other materials disseminated by the Trust, all correspondence or communication with Largin is to be directed to the Trust's United States Office in Oakland Park, Florida or by facsimile to Costa Rica at 011-506-272-1417.

## Jurisdiction and Venue

### Subject Matter Jurisdiction

       7.     This Court has subject matter jurisdiction over plaintiffs' claims under and pursuant to 28 U.S.C. §§ 1331 and 1338, as those claims arise under 17 U.S.C. §§ 101 et seq, and 15 U.S.C. § 1125(a), as amended.  This Court also has subject matter

jurisdiction under and pursuant to 18 U.S.C. §1332, as complete diversity exists between and among the parties hereto and the amount in controversy exceeds the sum of $50,000.00.

**Personal Jurisdiction**

8.     Upon information and belief, at all times relevant hereto, defendant Trust regularly did and solicited business, and engaged in a persistent course of conduct, and derived substantial revenue from goods used or consumed and services rendered, in the State of Florida.

9.     Upon information and belief, at all times relevant hereto, the Trust engaged in a general course of business activity that was continuous and systematic for pecuniary benefit in the State of Florida, and accepted the privilege to operate, conduct, engage in or carry on a business venture in this state.

10.     Upon information and belief, at all times relevant hereto, defendant Trust expected or should reasonably have expected its activities to have consequence in the State of Florida and derived substantial revenue from interstate or international commerce.

11.     Upon information and belief, at all times relevant hereto, defendant Trust conducted a substantial portion of its business in the United States in Florida through a founding member, Dr. Michael Lynch, a physician residing in and conducting business on behalf of the Trust in Florida.  Dr. Lynch is the person credited by the Trust as one of its principal architects.

12.     There is a nexus between the Trust's business conducted in Florida and the claims for relief alleged herein.

13.     Upon information and belief, at all times relevant hereto, defendant Trust, either directly or through its agents, transacted business within the State of Florida and contracted to supply goods and services in this State.

33795.1                                          -4-

**Venue**

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1400 and § 1391(a) and (b), as defendant Trust is doing business in this District and therefore resides and may be found in this District.

### BACKGROUND FACTS PERTINENT TO ALL CAUSES OF ACTION

15.     The author/philosopher Ayn Rand, who died in 1982, is perhaps best known for the Book and its distinctive message. Her earlier novel The Fountainhead, published in 1943, began the Objectivist Movement which grew to become a world-wide following of Rand and her teachings.  Her following solidified with the publication of her masterpiece (commonly acknowledged as such), the Book.

16.     Rand describes her central philosophy in a post script to the Book: "My philosophy, in essence, is the concept of man as a heroic being, with his own happiness as the moral purpose of his life, with productive achievement as his noblest activity, and reason as his only absolute".

**The Book**

17.     Atlas Shrugged is the story of John Galt, a physicist and adventurer, who represents individualism in its struggle against a socialist or collectivist society.  Galt leads the revolt of society's "achievers" who escaped to a world guided by the spirit of individualism, free of the existing world's collectivist trappings; Rand calls this world "Galt's Gulch".

18.     The Book begins with the question, "Who is John Galt?", and climaxes with what is the heart and thesis of the Book: Galt's famous address to the world (the "Speech"). In the Speech, John Galt lays the blueprint for Rand's vision of this new free world, which is the political essence of Rand's teachings as personified by the Galt character.

19.     The Book is subject to valid and subsisting copyright in the United States and worldwide.  In or about 1957, after compliance with the Copyright Act and all

other laws governing copyrights, the Copyright Office issued to Rand a currently valid and subsisting Certificate of Copyright Registration bearing Registration No. A304137, for the first edition of her work <u>Atlas Shrugged</u>, which copyright was renewed in 1985 by the Executors of the Estate.  A copy of this Renewal Certificate is annexed hereto as Exhibit A.

20.     The Book was first published in hard cover in 1957 by Random House, and first published by plaintiff Penguin in paperback in 1974.

21.     Since its initial publication, the Book has continuously remained in print and has sold approximately 4.5 million copies; approximately 100,000 copies are sold annually.

22.     <u>Atlas Shrugged</u> is widely considered the  seminal work  in the Objectivist Movement and has enjoyed extraordinary success, as it has been critically and commercially acclaimed as one of the most influential books in American literature, and has been the subject of extensive publicity and media attention.

23.     In or around 1991, the Estate licensed the right to produce a motion picture based upon <u>Atlas Shrugged</u>; script development is now underway.

**Protecting the Renown of Ayn Rand**

24.     Before her death, Ayn Rand carefully controlled the dissemination of her works and vigilantly policed any false associations, misleading connections, or alterations thereof.

25.     This task of maintaining the integrity of the Ayn Rand legacy and her works was assumed, upon Rand's death, by Peikoff, as an executor and the sole heir of her Estate, together the exclusive owners of all intellectual property, including copyright and trademark rights associated with Ayn Rand and her works.

26.     The Institute was founded by Peikoff in 1985 to promote and preserve the integrity of the teachings and works of Ayn Rand.  It is licensed to publish and distribute books, pamphlets and other materials in connection with Ayn Rand's works and the Ayn

Rand name and associated marks.  To date, the Institute has spent over $5,000,000 promoting and maintaining the renown of Rand and her philosophy; its current annual budget exceeds $1,000,000.

27.     To further its goals, the Institute has established a website on the Internet at http:\\www.aynrand.org on which it provides general information about Ayn Rand, her works and her philosophy.

28.     The goodwill and public recognition associated with <u>Atlas Shrugged</u> and the renown of Ayn Rand are valuable assets, acquired, developed, and exploited by Peikoff with the aid of  plaintiff Institute, inuring to the benefit of plaintiff Penguin.  As a result of those efforts and expenditures, the public has come to associate the renown of Ayn Rand with the Estate and Peikoff.

**The Nature of the Trust's**
**<u>Infringing Activities</u>**

29.     The Trust has engaged in a series of marketing, advertising and promotional activities, with the purported goal of furthering Ayn Rand's Objectivist ideals, by utilizing the decidedly "non-objectivist" methods of distortion, dissembling and disinformation.  Through its misuse of copyrighted materials, false advertising, false designation of origin, and actions in derogation of Rand's moral rights, the Trust seeks to obtain private investor  financing for what it claims will be the establishment of an objectivist city-state, to be known as Laissez Faire City, a real life Galt's Gulch, on a piece of land somewhere in Costa Rica or some other as yet unnamed "host" country (the "Laissez Faire City Scheme").

30.     Notwithstanding the Trust's lofty self-proclaimed objectivist goals, the media have characterized this venture as a pyramid scheme in articles about the Trust which appeared in the <u>Independent</u> of June 25, 1995 and the <u>London Sunday Times</u> of July 2, 1995.

31.     Upon information and belief, in or about March, 1996, the Trust established a site on the World Wide Web at http:\\www.lfcity.com ("the Website"), on which it, inter alia, advertises, promotes and otherwise seeks to induce consumers to invest in shares of Laissez Faire City.

32.     In or about March, 1996, the Trust registered the domain name "lfcity.com" with the Internet Information Center ("interNIC") and, upon information and belief, contracted with Internet server companies and an Internet access provider, both domestic corporations, through which the Trust loads, stores, transmits, publishes and/or otherwise disseminates its webpage.

33.     As described more fully hereinafter, the Website contains, inter alia, critical and substantial material copied directly and without permission, license or authorization, from the Book, in violation of Peikoff's and Penguin's exclusive rights in and to the copyright therein.

34.     In addition to this willful and unauthorized copying on its Website, the Trust has also used the Website to falsely advertise and offer an unlawful reproduction of Atlas Shrugged, originally published and distributed by Penguin. As detailed below, the Trust offers this book to founding members under a new cover design, a new title, i.e. "Founder's Handbook: Laissez Faire City", and under the name of the Trust (the "Altered Book").

**Plaintiffs Object to The**
**Trust's Infringing Activity**

35.     Peikoff first learned of the existence of the Trust in connection with the Trust's unlawful dissemination of the Altered Book, through an advertisement run by the Trust in 1995 in the British magazine The Economist, widely circulated in the United States. As further detailed below, this unauthorized and altered version of the Book was designed to

lead the readers to believe that the Trust and its activities were related to, authorized by, or otherwise associated with Ayn Rand and/or the Institute.

36.   The Economist advertisement and related materials distributed by the Trust in the United States further mislead the consuming public as to the nature of the Trust and its business, by displaying a false trademark registration symbol for the name Laissez Faire City®, stating that same is a registered trademark of Laissez Faire City Trust, which upon information and belief, is not a federally registered trademark in the United States.

37.   Shortly after learning of the Trust and its misleading and infringing activities, Peikoff and the Institute, through their counsel, made a formal demand that the Trust cease and desist from further infringement. Defendant, through its counsel, denied violation of plaintiffs' rights but represented that the dissemination of the Altered Book and related advertising had been limited and had ceased, and that the Trust would not advertise or promote the Laissez Faire City Scheme in a manner which suggested any sponsorship or authorization by, or affiliation with, Peikoff or the Institute.

**The Trust's Most Recent, Willful**
**and Unlawful Activity**

38.   Notwithstanding that representation, in or around March of 1996, the Trust established the Website to solicit investors in the Laissez Faire City Scheme. Each page of that Website has been devised to reap profit from visitors to the site by ultimately leading them to the Trust's sign-up page. At the end of each page on the Website is a "link" -- a box reading "Sign Me Up!" -- to the sign-up page, where the potential investor is instructed how to use his or her VISA or MASTERCARD to effectuate payments to the Trust.

39.   Notwithstanding Peikoff's and the Institute's objections over one year ago, and after representing that the Trust's infringing activity was limited and had ceased, the Trust has now affirmatively injected itself into interstate commerce in the United States

and worldwide, through the extraordinarily vast dissemination of its materials on the Internet.

40.    The Trust once again offers the Altered Book as a bonus for becoming one of the first five thousand "founders" of or financial contributors to the Trust's Laissez Faire City Scheme, and reprints on its Website the Economist advertisement and other materials, identical to those earlier objected to.

41.    The Trust's advertisement of the Altered Book has  included a graphic of the Trust's new cover design for the Book which reads at the top, "FOUNDER'S HANDBOOK: LAISSEZ FAIRE CITY" and at the bottom, "AYN RAND, Historically Published as ATLAS SHRUGGED" [emphasis added] at http:\\www.lfcity.com\atlas-sh.html.

42.    In addition to advertising the Altered Book, this Website includes extensive text from the Book including the Speech. In so doing, the Trust has blatantly copied, reprinted, and/or published, and facilitated the copying, reprinting and publication by others, of plaintiffs' copyright work, without plaintiffs' permission or authorization.  See http:\\www.lfcity.com\galtaddress.html.

43.    That the Trust knew or should have known that publication of the Speech and other text from the Book constitutes copyright infringement is evidenced by its link within the Speech to a fabrication of the fair use provision of the copyright law, 17 U.S.C. §107.  See http:\\www.lfcity.com\cpy.html.  On that page, the Trust reprinted what it held out to be the fair use provisions of the Copyright Act including, inter alia, the statement that in the case of books, one may copy "[u]p to 4,000 words (approximately 10 pages) from a book in any one excerpt" (the "Falsified Fair Use Statute").  This fictional fair use standard is presented by the Trust on its Website as if it were part of the Copyright Act, as enacted.

44.    Not only does the Falsified Fair Use Statute demonstrate the willful nature of the Trust's copyright violation, but it also misleads the consuming public by falsely

suggesting to visitors to the Trust's Website that downloading or reproducing or otherwise copying the Speech from that Website, does not itself constitute copyright infringement.

45.     By copying the Speech on its Website and prompting visitors to the Website to download, reproduce or otherwise make unauthorized copies of the Speech, the Trust has authorized and encouraged others to make infringing copies of the Speech, itself a violation of plaintiffs' exclusive right to authorize others to make copies, disseminate, publish, or distribute copies thereof.

**Plaintiffs' Renewed Demands**

46.     In or around September 12, 1996, shortly after learning of the existence of the Trust's Website, plaintiffs, through their attorneys, demanded that the Trust cease and desist from further copying, reprinting or otherwise distributing the Speech and other excerpted materials in violation of plaintiffs' rights in and to the Book. The Trust has not removed the Speech and other excerpted materials from its Website.

47.     Nevertheless, it appears that the Trust has made some changes to its Website (the "Revised Website") as a result of plaintiffs' demand letter. As originally printed, the Speech was divided among seven "linked" excerpts within the Website, which copied the entirety of the Speech (the "Original Website"). Indeed, the Trust itself announced that it copied the entire Speech, i.e., the hyper-text links (images the browser may select to be automatically "linked" to the corresponding page) connecting other pages of the Original Website to the Speech, read "Full Unabridged Text of Galt's Speech".

48.     It now appears that the Trust has cut some small portion of the Speech from the Website, while leaving the vast majority, amounting to over 26 pages of single-spaced printed text, available on the Revised Website. The Trust has now added a paragraph to the end of each of the seven excerpts noting that some portion of text previously copied on that page has been omitted and that the full text of the speech is available by purchasing a copy of the Book.

33795.1                              -11-

49. The Trust did not substantively respond to plaintiffs' demands until a letter to plaintiffs' counsel dated September 24, 1996 and received on September 30, 1996, annexed hereto as Exhibit B, advising that the Trust had instructed DialNet, the company which manages the Trust's Website, to remove certain material from the Website. The Trust's letter to DialNet is annexed hereto as Exhibit C.

50. Notwithstanding the Trust's instructions to its Website manager, which upon information and belief have not as of September 30 been implemented in full, and these recent changes in the Revised Website, the Trust's copying still amounts to a substantial and willful taking of the heart of the Book, without authorization.

51. Moreover, although the Trust has apparently removed the advertisement of the Altered Book -- what it terms its "Laissez Faire City book", see Exhibit C -- from the Website, this does not undo the damage already sustained by plaintiffs by reason of said advertisement on the Website, nor does it address the Trust's advertisement of the Altered Book elsewhere, the dissemination of the Altered Book, or any other of the Trust's additional intentional conduct and misrepresentations including its use of the designation ® falsely indicating that the Trust has a registered United States trademark, all of which lead the public into believing that the Trust and/or the Altered Book originate with, are sponsored or authorized by, or otherwise affiliated with, Peikoff, the Estate of Ayn Rand, the Institute and/or Penguin, when in truth and in fact they are not.

**The Trust's Taking Exceeds Fair Use**

52. The Trust willfully exploits the Book not for academic comment or criticism but for commercial profit -- to wit, at the end of each page on the Website in general and on each page of the Speech is the "Sign Me Up!" link.

53. Indeed, the entire Website is itself an advertisement to entice consumers or investors to become "founders" of the Laissez Faire City Scheme and/or the Trust.

54.     Republication of substantial copyrighted expression from the Book and of the Speech which is the heart of the Book, is a vehicle through which the Trust entices new members to contribute financially to the Laissez Faire City Scheme.  The Trust's Falsified Fair Use Statute notwithstanding, this wholesale, unauthorized and extensive copying for commercial profit and exploitation does not constitute fair use under 17 U.S.C. §107.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PEIKOFF AND PENGUIN

(Copyright Infringement)

55.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 54 set forth hereinabove, as if the same were fully set forth herein.

56.     The Book contains material wholly original with Ayn Rand and copyrightable subject matter under the laws of the United States.

57.     In or about 1957, after compliance with the Copyright Act and all other laws governing copyrights, the Copyright Office issued to Rand a currently valid and subsisting Certificate of Copyright Registration bearing Registration No. A304137, for the first edition of her work Atlas Shrugged, which copyright was renewed in 1985 by the Executors of the Estate.

58.     The Book was originally published and first distributed in the United States commencing in or about 1957.  The first distribution of the paperback version of the Book, published by plaintiff Penguin, commenced in or about 1974.  Both the original and paperback versions have remained continuously in print.

59.     Upon Rand's death in 1982, Peikoff, an executor and the  sole heir to the Estate, became the beneficial owner of all intellectual property rights, including copyrights and trademarks associated with Ayn Rand and her works, and including all right, title and interest in and to the copyrights in the Book.  Among the exclusive rights held by

33795.1                                    -13-

Peikoff is the right to authorize or license the exercise by others of the various rights inherent in the copyright in the Book.

60.     As Rand's licensee, Penguin holds the exclusive right to publish and sell all paperback editions of the Book in the United States and other designated territories and therefore holds an exclusive interest in the copyright in the Book.

61.     At all times relevant hereto, all copies of <u>Atlas Shrugged</u> made or authorized by Rand, or by the Estate after her death,  have been printed in strict conformity with the Copyright Act of the United States and all other laws governing copyright in the areas where the Book has been published.

62.     Plaintiffs have conveyed no copyright interest in the Book to defendant Trust.

63.     Defendant had access to the Book.

64.     The copying and distribution of the Speech and other excerpted material from the Book by the Trust has been effected through its posting of its Website from its United States server on the Worldwide Web, on which it is disseminated in interstate commerce in the United States and throughout the world.

65.     Upon information and belief, the Trust has made substantial profits and/or has collected substantial contributions in connection with its copying of the Book on its Website.

66.     Defendant's infringement of the Book consists of the willful and wholesale copying of substantial portions of the Book and the heart of the Book, the Speech.

67.     This wholesale copying and publishing of the critical element and figurative heart of the Book for commercial profit and exploitation does not constitute fair use.

68.     As a direct and proximate result of the copyright infringement detailed above, plaintiff has been and continues to be damaged in an amount presently unknown and to be ascertained at the trial of this action.

69.     Plaintiffs have no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### BY PEIKOFF AND PENGUIN

(Contributory and/or Vicarious Copyright Infringement)

70.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through and including 54 set forth hereinabove, as if the same were fully set forth herein.

71.     Both on its Revised and Original Websites, the Trust, intentionally and without authorization, copies the above-described heart of <u>Atlas Shrugged</u>, the Speech, which constitutes material wholly original with Ayn Rand and copyrightable subject matter under the laws of the United States, as above-described.

72.     The Trust actively operates and/or supervises and/or has the right and ability to supervise, the content of material posted on its Website.  As such, the Trust is in the position to police the infringing conduct of primary infringers.

73.     Within the Speech on the Original and Revised Websites, the Trust has published the Falsified Fair Use Statute.

74.     Rather than warning visitors to the Website that to download or otherwise make copies thereof would constitute copyright infringement, the Trust's Falsified Fair Use Statute in the Original and Revised Websites misleads the consuming public by encouraging, inducing, causing and/or materially contributing to the downloading, reproducing or otherwise copying of the Speech by third parties.

75.     Upon information and belief, the Trust knows or should know that the copying of the Speech on its Website, alone and/or in combination with the Falsified Fair

Use Statute, substantially aids and/or encourages and, in effect authorizes, primary infringers in accomplishing his or her illegitimate activity.

76.     The Trust, knowing or having reason to know of the infringing activity, has induced, caused and/or materially contributed to the infringing conduct of others, and as such is a contributory infringer and/or is vicariously liable for authorizing infringement of plaintiffs' rights by others.

77.     The Trust has performed each of the acts referred to in the preceding paragraphs without permission, consent or authority of plaintiffs and is therefore contributorily or vicariously liable for infringement of plaintiffs' copyright in the Book by visitors to the Trust's Website.

78.     At all times relevant hereto, the Trust has had actual and constructive knowledge of the rights of plaintiffs, but has proceeded in complete disregard thereof.

79.     As the direct and proximate result thereof, plaintiffs have been and will continue to be damaged in an amount presently unknown and to be ascertained at the trial of this action.

80.     Plaintiffs have no adequate remedy at law.

### AS AND FOR A THIRD CLAIM OF RELIEF
### BY ALL PLAINTIFFS

(Violation of §43(a) of the Lanham Act)

81.     Plaintiff repeats and realleges paragraphs 1 through and including 54 set forth hereinabove, as if the same were fully set forth herein.

82.     Plaintiffs and their duly authorized representatives have for many years maintained, administered and insured the integrity of, and have marketed the works, teachings and intellectual property rights associated with Ayn Rand, including the Book, and the publication thereof, and subsidiary products derived therefrom, throughout the United States.

33795.1                                    -16-

83.   The Trust's dissemination of the Altered Book, including the redesigned cover and new title; its advertisement of the Altered Book on the Webpage and elsewhere; and its use of the designation ® falsely indicating that the Trust has a registered United States trademark; are each designed and conceived to mislead the public into believing that the Trust and/or the Altered Book originate with, are sponsored or authorized by, or otherwise affiliated with, Peikoff, the Estate of Ayn Rand, the Institute and/or Penguin, when in truth and in fact they are not.

84.   The above-described conduct and statements also constitute material misrepresentations about the nature, origin and characteristics of each of the Trust and of the Altered Book, made by the Trust in interstate commerce, in the context of commercial advertising or promotion.

85.   Upon information and belief, the foregoing statements and omissions have already caused, and are likely to continue to cause, confusion or mistake as to the true nature and source of the Book, of the Altered Book, and of the Trust.

86.   Plaintiffs have been and will continue to be damaged by reason of the false association which the consuming public is likely to make between the Trust and plaintiffs, and between the Altered Book and the Book, in an amount presently unknown, as a direct and proximate result of the Website, the Altered Book, the advertisement thereof, and the false trademark notice.

87.   Plaintiffs have no adequate remedy at law.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### BY PEIKOFF

(Moral Rights Lanham Act Violation)

88.   Plaintiff Peikoff repeats and realleges the allegations of paragraph 1 through and including 54 set forth hereinabove as if the same were set forth fully herein.

89.   Ayn Rand carefully and deliberately presented her work, the Book, to the consuming public by titling it "Atlas Shrugged" and Ayn Rand and Peikoff, as her heir, approved the cover designs under which the Book has been sold and distributed to millions of readers for almost forty years.

90.   By deliberately repackaging the Book, redesigning the cover thereof, retitling the Book "The Founder's Handbook:  Laissez Faire City", and marketing or otherwise exploiting or distributing the Altered Book, the Trust has mutilated and grossly distorted Rand's work.

91.   The Trust has disseminated the Altered Book in a manner which is inconsistent with the right of Rand, and Peikoff as her successor-in-interest, to be known as the author of the work, to prevent others from being known as the author of the work, to prevent others from falsely attributing authorship of the work, to prevent others from making deforming changes in the work, and to prevent others from using the work in a manner reflecting upon Rand's professional renown.

92.   The above-described conduct was intentional.

93.   Upon information and belief, Peikoff, as Rand's successor-in-interest, has suffered and will continue to suffer actual damages as the direct and proximate result in an amount yet to be ascertained, but to be determined at the trial of this action.

94.   Plaintiff has no adequate remedy of law.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### BY ALL PLAINTIFFS

(Common Law Unfair Competition)

95.   Plaintiffs repeat and reallege paragraphs 1 through and including 54 set forth hereinabove, as if the same were fully set forth herein.

96.   Defendant's above-described acts and practices including but not limited to the dissemination of the Altered Book, the advertising, solicitation and distribution thereof,

and the promotion of the financial goals of the Trust through false and misleading association with plaintiffs, have been undertaken with the intention to trade upon and profit from the renown of Ayn Rand and her Book, all of which tend to lead the public into believing that there is a connection or association between the Trust on the one hand and Penguin, the Estate, Ayn Rand, the Institute and/or Peikoff on the other, when in truth and in fact, there is none.

97.     Upon information and belief, defendant has made and will make considerable profit as the direct result of these above-described actions, which were undertaken with malice toward plaintiffs, and in wanton, willful and reckless disregard of plaintiffs' rights.

98.     Defendant's actions as described above injure plaintiffs' reputation and goodwill, expressly mislead the public by falsely imputing a connection or relationship between the Trust on the one hand and Peikoff, the Estate, the Institute, Ayn Rand and/or Penguin on the other, cause plaintiffs to suffer financially, and constitute unfair competition in derogation of the common law.

99.     By reason of the above-described acts, defendants have engaged in unfair competition under and pursuant to the laws of the State of Florida.

## CONCLUSION

**WHEREFORE**, as to all claims for relief, plaintiffs demand trial by jury and/or that judgment be entered:

(1)     preliminarily and permanently enjoining and restraining defendant, its trustees, agents, employees, licensees and all those acting under its direction and/or pursuant to its control, from:

(a) disseminating in any form, manner, or medium, any altered version of Atlas Shrugged or any advertisement therefor;

(b) making any representation or otherwise holding the Trust out as authorized or sponsored by, or affiliated with, plaintiffs; and

(c) infringing plaintiffs' copyright in <u>Atlas Shrugged</u> on its Website or otherwise;

(2)     requiring defendant, its trustees, agents, employees, licensees and all those acting under its direction and pursuant to its control, to deliver up for destruction all copies of the Altered Book;

(3)     requiring defendant to pay to plaintiffs:

(a)     on all claims, an award of any and all profits made by defendant as a result of the aforesaid infringements, together with interest thereupon, in an amount presently unknown and to be ascertained at the trial of this action; and/or

(b)     on all claims, an award of plaintiffs' damages in an amount to be determined, together with interest; and/or

(c)     on plaintiffs' copyright claims, an award of statutory damages as provided under and pursuant to 17 U.S.C. § 504(c), as amended;

(4)     requiring defendant to pay to plaintiffs the cost of this action, together with their reasonable attorneys' fees; and

(5)     for such other and further relief as to this Court shall seem just and proper.

Dated:  October  1  , 1996

ECKERT SEAMANS CHERIN & MELLOTT

By:_____
 Howard D. Schwartz (Florida Bar No. 931871)
 Alan D. Danz (Florida Bar No. 948934)
 100 Northeast Third Avenue, 9th Floor
 Fort Lauderdale, FL  33301
 (954) 523-0400

33795.1

-20-

Attorneys for Plaintiff
Dr. Leonard Peikoff, Individually and as
Executor of the Estate of Ayn Ran, The Ayn
Rand Institute, and Penguin Books USA Inc.

OF COUNSEL:
KAY COLLYER & BOOSE LLP
      Marcia B. Paul (MBP-8427)
      Nancy J. Felsten (NJF-7060)
      Marni J. Beck (MJB-6515)
      One Dag Hammarskjold Plaza
      New York, New York 10017
      (212) 940-8200/940-8285

33795.1

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

CV-ZLOCH

# CIVIL COVER SHEET   96   7135

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Leonard Peikoff, individually and as Executor of the Estate of Ayn Rand, the Ayn Rand Institute and Penguin Books U.S.A., Inc. | Laissez Faire City International Trust, and Mikhail Largin, as Trustee |

MAGISTRATE
SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Orange Co. CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Costa Rica
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-NORTH 7135-ZLOCH/SELTZER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Howard D. Schwartz, Esq., Eckert Seamans Cherin & Mellott, Suite 900, 100 N.E. Third Avenue, Ft. Lauderdale, FL 33301   Ph. 954/523-0400

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Action to redress violations of copyright laws, 17 U.S.C. 501, et seq.; 43(a) of the Lanham Act, 15 U.S.C. 1125(a), as amended; and for common law unfair competition, as the result of willful and unauthorized copying and dissemination by defendant Trust of substantial text from the well-known book written by Ayn Rand entitled Atlas Shrugged.

IVa. 5-8 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 630 Liquor Laws | ☒ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding
☐ 2. Removed From State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $**
☐ Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 10/1/96
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 519246
Amount $150.00
Date Paid: 9-30-96   M/fp: _____