UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| LEONARD PEIKOFF, individually and as Executor of the Estate of Ayn Rand, THE AYN RAND INSTITUTE and PENGUIN BOOKS U.S.A., INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LAISSEZ FAIRE CITY INTERNATIONAL TRUST and MIKHAIL LARGIN, as Trustee, | ) ) ) ) |
| Defendants. | ) ) ) |

CASE NO. 96-7135-CIV-ZLOCH
MAGISTRATE BARRY SELTZER

NOTICE OF FILING AFFIDAVIT OF
WILLIAM H. CROSBY, JR.

Plaintiffs, Leonard Peikoff, individually and as the Executor of the estate of Ayn Rand, The Ayn Rand Institute and Penguin Books, U.S.A., Inc., hereby serve notice on all parties concerned that they are filing the attached original Affidavit of William H. Crosby, Jr.

**KAY COLLYER & BOOSE LLP**

**Marcia B. Paul (MBP-8427)**
**William J. Crosby (MBP-0055)**
**One Dag Hammarskjold Plaza**
**New York, New York 10017**
**(212) 940-8285**

**ECKERT SEAMANS CHERIN & MELLOT**

By: _____
**Anthony J. Carriuolo**
**Florida Bar No. 434541**
**Alan D. Danz**
**Florida Bar No. 948934**

42270.1

Case No. 96-7135-Civ-Zloch
Notice of Filing

**Las Olas Centre, 8th Floor**
**450 East Las Olas Boulevard**
**Fort Lauderdale, FL 33301**
**(954) 523-0400**

**Attorneys for Plaintiffs Leonard**
**Peikoff, The Ayn Rand Institute and**
**Penguin Books**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Notice of Filing Affidavit of William R. Crosby was mailed this /3 day of May, 1997 to Henry W. Walther, Esq., Deering, Walther & Sands, Third Floor, 2530 Wilshire Boulevard, Santa Monica, California  90403.

By:_____
Alan D. Danz

42270.1                                    -2-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| **LEONARD PEIKOFF, THE AYN RAND** | ) | |
| **INSTITUTE and PENGUIN BOOKS,** | ) | **CASE NO. 96-7135-C.V.-ZLOCH** |
|  | ) | **MAGISTRATE BARRY SELTZER** |
| **Plaintiffs,** | ) | |
|  | ) | |
| **v.** | ) | **AFFIDAVIT** |
|  | ) | |
| **LAISSEZ FAIRE CITY INTERNATIONAL** | ) | |
| **TRUST and MIKHAIL LARGIN,** | ) | |
|  | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**STATE OF NEW YORK   )**
**                                  : ss.:**
**COUNTY OF NEW YORK  )**


        WILLIAM H. CROSBY, JR., upon being first duly sworn,
deposes and states as follows:

        1.    I am associated with the firm Kay Collyer & Boose LLP
and am a member of the Bar of the State of New York. I represent
plaintiffs in the above-captioned matter and have personal
knowledge of the facts stated herein.

        2.    I submit this supplemental affidavit in response to the
Court's Order, dated February 14, 1997, requiring plaintiff to
effect service of process upon defendants by March 13, 1997, and
the Court's Order dated May 5, 1997, granting plaintiffs
permission to furnish the Court with copies of correspondence

between or among counsel, or any party represented by an attorney.  This affidavit supplements the  Affidavit of William H. Crosby, Jr., sworn to on March 12, 1997 (the "Crosby Aff't").

3.    Annexed hereto as Exhibit A is a copy of the cease and desist letter dated August 25, 1995, sent to defendants at what they advertise as their "U.S. Consular Office" located at P.O. Box 407017, Oakland Park, Florida 33340.  This letter is referenced in paragraph 4 of the Crosby Aff't.

4.    Defendants received the cease and desist letter and forwarded it to their counsel, who wrote to us on August 31, 1995, and conceded "it seems that our clients have some serious issues between them which need to be met immediately.  My client stands ready and willing to resolve every issue."  This letter is referenced in paragraph 4 of the Crosby Aff't and is annexed hereto as Exhibit B.

5.    Annexed hereto as Exhibit C is a letter from defendants' counsel to plaintiff Ayn Rand Institute, dated June 23, 1995, stating that defendant Mikhail Largin could be contacted at the "U.S. Consular Office" in Oakland Park, Florida. This letter is referenced in paragraph 4 of the Crosby Aff't.

6.    As described in the Crosby Aff't, the parties reached no formal settlement in 1995, but plaintiffs saw no evidence of additional infringing activities by defendants and therefore declined to institute suit.  However, in or about September 1996, plaintiffs learned that defendants were continuing and expanding their infringing activities-- now through a site they maintain on

2

the World Wide Web.  As a result, plaintiffs sent a second cease
and desist letter to defendants' counsel on September 12, 1996.
This letter is referenced in paragraph 5 of the Crosby Aff't and
is annexed hereto as Exhibit D.  Defendants' September 24, 1997
response to that letter, containing an offer of compromise which
was deemed unacceptable by plaintiffs, is annexed hereto as
Exhibit E.  Following receipt of this letter plaintiffs promptly
initiated suit.

　　　7.   As described in the Crosby Aff't, counsel for the
parties spoke numerous times between September 30, 1996 and
January 24, 1997, in an effort to resolve this dispute, and
plaintiff therefore delayed seeking judicial intervention,
notwithstanding defendants' failure to answer the complaint.
Plaintiffs' hopes for a settlement ended on January 24, 1997,
when defendants' counsel declared that defendants "no longer"
retained business contacts in the United States.  This letter is
referenced in paragraph 6 of the Crosby Aff't and is annexed
hereto as Exhibit F.

　　　8.   The documents described above demonstrate, as stated
previously in the Crosby Aff't, that defendants' have known of
the existence of this action since its initiation, but have
chosen to conceal their whereabouts to avoid service of process.
They also show that defendants led plaintiffs to believe they
were interested in pursuing a settlement when in reality they
were in the process of eliminating all contacts with the United
States.  Defendants correctly assumed that plaintiffs would

3

excuse their failure to respond to the complaint in the mistaken belief that this matter could be settled.  Accordingly, for the reasons stated above as well as in the Crosby Aff't and the affidavits of Alan Danz and Marcia B. Paul, previously submitted to the Court, plaintiffs' reliance on substituted service of process should be deemed valid service upon defendants, in light of plaintiffs' showing of due diligence in attempting to locate defendants.

_____
William H. Crosby, Jr.

Sworn to before me this
9th day of May, 1997.

_____
Notary Public

CHRISTINE K. ULRICH
Notary Public, State of New York
No. 4656700
Qualified in Dutchess County
Certificate Filed in New York County
Commission Expires January 31, 1998

4

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

PLEASE REFER TO COURT FILE